UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DAVIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SAN JOAQUIN SUPERIOR COURT,<br><br>　　　　Respondent. | No. 2: 18-cv-2264 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1999, petitioner was convicted of second degree murder and sentenced to 15 years-to-life. (ECF No. 1 at 1.) Petitioner committed the offense when he was seventeen years old. (Id. at 7.)

Pending before the court is respondent's motion to dismiss. For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

II. Legal Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted
1

under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim).

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

III. Petitioner's Claims

Petitioner raises the following claims: 1) his sentence of 15 years-to-life for a murder committed when he was seventeen years old violates the Eighth Amendment's bar against disproportionate sentences; and 2) the failure to retroactively apply Proposition 57 violates equal protection.

Respondent argues that petitioner's Eighth Amendment claim is barred by the statute of limitations and without merit. Respondent argues that petitioner's claim challenging the failure to retroactively apply Proposition 57 is without merit.

IV. Statute of Limitations

A. Legal Standard

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

B. Discussion

Petitioner was convicted of second degree murder on September 29, 1997. (ECF No. 1 at 19.) Petitioner had one year from the date his conviction became final to raise a federal claim challenging the constitutionality of his sentence. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's Eighth Amendment claim is untimely unless petitioner is entitled to statutory or equitable tolling.

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). On March 13, 2017, almost 20 years after his conviction, petitioner filed a habeas corpus petition in the Superior Court raising his Eighth Amendment claim. (See ECF No. 10 at 8.) A state habeas petition filed beyond the expiration of the statute of limitations does not toll the limitations period under 28 U.S.C. § 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") Because petitioner filed the Superior Court petition after the statute of limitations ran, petitioner is not entitled to statutory tolling.

Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations with respect to this Eighth Amendment claim. See Holland v. Florida, 560 U.S. 631, 649 (2010) (habeas petitioner is entitled to equitable tolling if he shows 1) he pursued his rights diligently; and 2) some extraordinary circumstance stood in his way and prevented timely filing.) Accordingly, petitioner's Eighth Amendment claim is barred by the statute of limitations.

In the discussion of his Eighth Amendment claim in the petition, petitioner cites Miller v. Alabama, 567 U.S. 460 (2012). In Miller v. Alabama, the Supreme Court held that a mandatory

life without parole sentence for any juvenile offender who commits homicide violates the Eighth Amendment. To the extent petitioner argues that his Eighth Amendment claim is based on Miller, this claim is also barred by the statute of limitations.

The Supreme Court decided Miller on June 25, 2012. Therefore, petitioner had one year from June 26, 2012, to file a timely federal habeas petition based on Miller. 28 U.S.C. § 2244(d)(1)(C). The Superior Court petition discussed above was filed after the statute of limitations ran for petitioner's Miller claim. Petitioner has also not demonstrated that he is entitled to equitable tolling. Accordingly, petitioner's claim based on Miller is barred by the statute of limitations.

V. Merits of Claims

Respondent argues that petitioner's claims should be dismissed because they are not cognizable under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

A. Eighth Amendment Claim

A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur only in "extreme" cases. Lockyer, 538 U.S. at 73; Rummel, 445 U.S. at 272. "A punishment within legislatively mandated guidelines is presumptively valid." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998) (citing Rummel v. Estelle, 445 U.S. at 263). "'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'" Id. (quoting United States v. McDoughtery, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent crime. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of

obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was a first felony offense).

The Eighth Amendment's proportionality principle "sets such a high bar for cruel and unusual punishment that it has permitted the imposition of equally or more severe sentences than petitioner's on defendants convicted of far less egregious crimes." Chappell v. McEwen, 2013 WL 1870765 at *13 (C.D. Cal. 2013) (finding fifty years-to-life sentence for juvenile convicted of first degree murder did not violate Eighth Amendment)(citing Ewing v. California, 538 U.S. 11, 28–30 (2003) (affirming a sentence of twenty-five years to life for the felony grand theft of three golf clubs); Silva v. McDonald, 891 F.Supp.2d 1116, 1130-31 (C.D. Cal. 2012) (sentence of 40 years-to-life for juvenile convicted of attempted murder, with gang and firearm enhancements, did not violate Eighth Amendment).)

Petitioner's sentence of 15 years-to-life was within the statutory mandated guidelines. Based on the case law cited above, the undersigned finds that petitioner's sentence of 15 years-to-life for a second degree murder he committed as a juvenile, was not grossly disproportionate to the crime for which he was convicted, i.e., second degree murder. Accordingly, petitioner's Eighth Amendment claim is without merit.

As discussed above, in Miller v. Alabama, 567 U.S. 460, 479 (2012), the Supreme Court ruled that mandatory life-without-parole sentences for any juvenile offender violate the Eighth Amendment. The United States Supreme Court has not held that it is unconstitutional to sentence a juvenile to an indeterminate life sentence with the possibility of parole. Therefore, petitioner is not entitled to relief pursuant to Miller because he was not sentenced to a mandatory life without parole sentence.

In the petition, petitioner also argues that on November 23, 2016, his base term was adjusted to 19 years. (ECF No. 1 at 9.) Petitioner argues that the adult offender matrix was used to calculate his base term, making the excessiveness and disproportionality of his sentence more
////

5

apparent.[1] (Id.) Assuming petitioner's base term is 19 years, this base term has no bearing on the federal constitutional question of whether petitioner's sentence was one of the "'rare case[s] in which a ... comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" Bland, 961 F.2d at 129 (quoting Harmelin, 501 U.S. at 1005). Therefore, the assessment of the base term of 19 years for the crime of second degree murder, at the time that petitioner had served 17 years, is not relevant to this court's Eighth Amendment proportionality analysis.

Accordingly, petitioner is not entitled to habeas relief as to his Eighth Amendment claim.

B. Retroactivity of Proposition 57

Respondent argues that petitioner is not entitled to relief as to his claim alleging that failing to apply Proposition 57 retroactively violates his equal protection rights. The background to this claim follows herein.

California's Proposition 57 was approved by voters on November 8, 2016, and became effective the next day. As relevant to this case, Proposition 57 removes the prosecuting officer's discretion to initiate prosecutions against minors directly in a court of criminal jurisdiction and instead requires the prosecutor to file a motion to transfer the minor from juvenile court. Specifically, Proposition 57 amended Section 707, subdivision (a)(1), of the California Welfare and Institutions Code, which now provides as follows:

> (a)(1) In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any offense listed in subdivision (b) or any other felony criminal statute, the district attorney or other appropriate prosecuting officer may make a motion to transfer the minor from juvenile court to a court of criminal jurisdiction. The motion shall be made prior to the attachment of jeopardy. Upon the motion, the juvenile court shall order the probation officer to submit a report on the behavioral patterns and social history of the minor. The report shall include any written or oral statement offered by the victim pursuant to Section 656.2.

Cal. Wel. & Inst. Code § 707(a)(1).[2]

---

[1] California regulations contain a matrix of suggested base terms that prisoners with indeterminate sentences should serve before they are released on parole. The matrix provides three choices of suggested "base terms" for several categories of crimes, including second degree murder. Cal. Code of Regulations, tit. 15, § 2403.

6

1         Petitioner argues that Proposition 57 should be applied retroactively, so that the State of California must conduct a transfer hearing in juvenile court for him. Petitioner argues that the failure to apply Proposition 57 retroactively violates his right to equal protection.

        In People v. Superior Court (Lara), 4 Cal.5th 299, 303-04 (2018), the California Supreme Court held that the transfer hearing required by Proposition 57 applies only to juveniles charged directly in adult court whose judgment was not final at the time Proposition 57 was enacted. Pursuant to Lara, Proposition 57 does not apply retroactively to petitioner, whose judgment was final before Proposition 57 was enacted.

        At the outset, the undersigned observes that the retroactivity of a state change of law is a state question, and the federal Constitution "has no voice upon the subject." Peeler v. Kabban-Miller, 2012 WL 2203054 at *5 (E.D. Cal. 2012) (citing Pulley v. Harris, 465 U.S. 37, 42 (1984); Wainwright v. Stone, 414 U.S. 21, 23-24 (1973).) Accordingly, petitioner's claim challenging California's failure to apply Proposition 57 retroactively is without merit.

        Petitioner argues that the state's failure to apply Proposition 57 to him violates the Equal Protection clause. Petitioner does not allege that he suffers discrimination because of a suspect classification. Instead, he appears to allege that he suffers a denial of his equal protection rights based upon his membership in a class of California state prisoners who were convicted and sentenced before Proposition 57 was enacted.

        Petitioner has not cited, and the undersigned is unaware, of any specific Supreme Court authority "that holds the Equal Protection Clause mandates that finally convicted prisoners receive the benefits of changes in state law which might have benefitted the convicted prisoner if only the conviction had occurred after the change in law." Peeler, 2012 WL 2203054 at *5; 28 U.S.C. § 2254(d)(1) (habeas relief unavailable if there is no "clearly established federal law" as determined by the Supreme Court on the issue). Accordingly, petitioner's claim that the failure to apply Proposition 57 retroactively violates the Equal Protection clause is without merit.

////
////
////

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dav2264.mtd
kc